## Coe *et al.* v. Aiken *et al.*

*(Circuit Court, D. New Hampshire. May 10, 1892.)*

### No. 288.

**FEDERAL COURTS—JURISDICTION—PENDENCY OF CAUSE IN STATE COURT.**
An action over which the state and federal courts have concurrent jurisdiction was instituted in the state court, and, after answer, at the instance of plaintiffs, was dismissed without prejudice; and defendants, with leave, amended their answer so as to become plaintiffs, and the original plaintiffs became defendants, in respect to the affirmative allegations thereof. *Held,* that the pendency of such proceeding in the state court was no bar to the prosecution of a bill in a federal court by the original plaintiffs on the cause of action set forth in their original bill.

In Equity. Bill by E. S. Coe and David Pingree, trustees, against Walter Aiken, the Boston, Concord & Montreal Railway Company, the Mount Washington Railway Company, and the Concord & Montreal Railroad Company, to determine certain rights with reference to corporations, land, and other property, and for specific performance and accounting. Heard on a plea to the jurisdiction. Overruled.

*Henry Heywood, Oliver E. Branch, Harry Sargent,* and *Everett Fletcher,* for plaintiffs.

*E. B. S. Sanborn* and *Frank S. Streeter,* for defendants.

ALDRICH, District Judge. It appears that these plaintiffs commenced proceedings in the equity court of the state of New Hampshire on the 3d day of October, 1890, making the present defendants, except the Concord & Montreal Railroad, parties defendant. It also appears that on the 15th day of July, 1891, and after the defendants had filed their answers in the state courts, the plaintiffs gave notice that they should, on the 31st day of July, 1891, ask leave to dismiss their bill. Thereupon the defendants, on the 21st day of July, gave notice that they should, on the same 31st day of July, apply for the orders and injunctions mentioned in their answers. It further appears that on the 31st day of July, and before any hearing upon the merits, the parties being present in person and by counsel, it was ordered by the state court that

the plaintiffs have leave, on payment of the defendants' costs, to withdraw their bill, without prejudice, beyond such results and effects as such withdrawal might involve, and, upon such leave, the costs, being taxed, were paid by the plaintiffs. And thereafter, on the same day and in the same court, the defendants had leave to become plaintiffs, with their answers as an affirmative bill, and to amend so far as necessary for that purpose; and the plaintiffs, who had become defendants as regards the matter set out in the answers, which by such amendment had become a bill, were ordered to make answer thereto. The Concord & Montreal Railroad was admitted as party plaintiff, and upon the original petition, contained in the original answers, Coe and Pingree, the original plaintiffs, were enjoined as to the affirmative matter set forth in such answers to their bill, which answers had become a bill in equity under the circumstances stated; and the proceeding involved in such amendment is still pending in the state court. On the 8th day of August, 1891, and subsequent to all the foregoing, the plaintiffs, who are nonresidents, brought their proceeding on the equity side of this court, setting forth matters originally cognizable therein, and involving substantially, and perhaps precisely, the same causes of action set out in their earlier bill, and amendments thereto, filed in the state court, and praying for similar relief.

Upon proper pleadings, the question is presented as to whether such proceeding in the state court is a bar to or should abate the plaintiffs' right to prosecute their bill for relief in this court. It is well settled that a plaintiff may become nonsuit in an action at law, or, by leave and upon payment of costs, dismiss his suit in equity at any time, at least, before hearing upon the merits, and that such nonsuit or dismissal is not a bar to subsequent proceedings involving the same subject-matter. The authorities holding that, under the provisions of the federal acts, a plaintiff who, having instituted his suit in a state court, has been subjected to a cross action, or, by amendment of his opponent's answer, has become a defendant, is not entitled to remove his suit, on the ground that he must abide the forum originally selected, do not apply to a suit directly brought in the federal courts, involving matter over which such courts have original jurisdiction. While, under the act of 1888, a plaintiff who has selected the state court cannot, under such act of congress, remove his suit direct to the federal court, the fact that a plaintiff has at some former time brought his suit in some one of the state courts, and, upon leave, dismissed his proceeding, upon payment of costs, is not a bar to, and will not abate, a suit upon the same causes of action subsequently brought in the federal court, involving matter over which such court has primary and original jurisdiction. The plaintiffs are nonresidents, and this court has jurisdiction, concurrent with the state courts, over the parties and the subject-matter, and the plaintiffs might have brought their proceeding in this court originally, and, before going to the merits, dismissed the same, and commenced over again in the same court, or in the state court of New Hampshire, or any other court having jurisdiction of the parties and the controversy, and

such original pendency in this court would not, as I understand it, operate as a bar or in abatement; and it follows unquestionably, as well, that prior pendency in a state court does not deprive the federal court of its power to administer justice in controversies within its jurisdiction.

It is contended, however, by the defendants, that the suit is still pending in the state court upon an amendment allowing them to make their answers an affirmative bill, and therefore pending for general relief and all other purposes, and that these plaintiffs, who are defendants to the amended answers, were the original plaintiffs, and as such selected their forum, and must there abide, and that their suit, brought in this court, should be dismissed.

The arguments bearing upon this phase of the question have been presented with marked ability, and I am free to say that strong reasons have been suggested from the different standpoints; but my conclusion is that the pendency in the state court, under the circumstances disclosed, does not operate as a bar to the plaintiffs' right to seek relief in this court. There is authority for holding (*Latham* v. *Chafee*, 7 Fed. Rep. 520, and other cases) that, if the plaintiffs' suit was fully pending in the state court upon their own bill, such pendency would neither bar nor abate a subsequent suit in their own behalf in the federal court. This doctrine it has been said, is based upon the idea that in this respect the state courts are foreign. It may be that this broad rule should be modified, in view of the provision of the statute making the federal jurisdiction as to certain matters concurrent with that of the courts of the several states. However that may be, in my judgment it is quite clear that these defendants, who, after notice of a motion for leave to dismiss in the state court, filed their amendment, either for the single purpose of relief upon the affirmative matter set forth in their answers, or for the broader purpose of controlling the forum thereby, are not in a position to set up such pendency, either in abatement or in bar of the proceeding here in behalf of the plaintiffs, for relief upon matter set forth in their bill.

I assume that the purpose of the wise and liberal amendment practice obtaining in the state courts of New Hampshire in respect to answers in equity is to avoid circuity of process, and for convenience and speed in administering justice in such courts, to the end that a defendant may have relief in the same proceeding upon the original and affirmative matter only contained in his answer when the plaintiff fails to prosecute his bill; and that the rule of practice so limited does not embrace defendants' allegations of denial to the original affirmative allegations of plaintiffs, which it is understood they may dismiss. And I assume also that it is not intended that such practice, so limited, shall operate to hold jurisdiction over matter otherwise cognizable in federal courts, or that a party should use the privilege for the purpose of creating situations designed to control the rights of his adversary in respect to a forum. But, if it were otherwise, under such circumstances, effect could not be given to a rule or practice in the state court calculated to operate as an

abridgment of the rights of parties in respect to the jurisdiction of this court, nor to the act of a party calculated, through the use of such rule or practice, to compass a result which should impair the rights of his opponent in equity proceedings herein. *Hyde* v. *Stone*, 20 How. 170.

The facts alleged in the defendants' plea, and disclosed by the record, furnished no legal bar to this proceeding. Moreover the plea is not founded in equity. It should therefore be adjudged insufficient, and the defendants required to answer, and it is ordered accordingly.